IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| CHERYL A. SLINGLAND, | : | |
| Plaintiff, | : | CIVIL ACTION |
| | : | |
| v. | : | |
| | : | |
| PATRICK R. DONAHOE | : | No. 11-04591 |
| POSTMASTER GENERAL, | : | |
| Defendant. | : | |

**M E M O R A N D U M**

STENGEL, J.                                                    September 27, 2012

Plaintiff, Cheryl A. Slingland, brings this action against her former employer
alleging various employment claims arising out of her termination with the United States
Postal Service ("USPS"). Defendant filed this Motion to Dismiss (Doc. No. 11). For the
reasons stated below, I will grant the motion to dismiss.

**I.      Background**

**A.      Factual history**

Plaintiff was employed as a postmaster with the United States Postal Service
("USPS") in Hereford, Pennsylvania ("Hereford office"). See Pl.'s Am. Compl. ¶ 3. She
began her employment on September 10, 1988. Id. Plaintiff suffers from post-traumatic
stress disorder ("PTSD") as a result of her prior military service. Id. ¶ 5. She performed
her job satisfactorily until the Hereford office absorbed a larger neighboring post office.
Id. ¶ 10, 14. The resulting increase in Plaintiff's workload exacerbated her PTSD, and she
so informed USPS. Id. ¶¶ 6, 12. Plaintiff requested additional training to cope with the
growing volume of mail, but USPS provided no substantial assistance. Id. ¶¶ 11.

Plaintiff's workload problems were further compounded by USPS's failure to provide additional staff following the merger. Id. Around this time, Plaintiff also claims she was subjected to discrimination based on her age and sex, the latter of which she reported to USPS. Id. ¶¶ 15-17. USPS took no action in response to Plaintiff's complaint. Id.

The Office of Inspector General audited the Hereford office on February 19, 2010, and issued its report on March 16, 2010 ("Report"). See Def.'s Mot. to Dismiss, Ex. D, at 9. The Report alleged that Plaintiff had improperly issued herself money orders from her official stamp accountability. Id. Citing the Report, USPS, through Operations Manager William Wescoe and District Manager Kevin McAdams, placed Plaintiff on emergency off-duty status beginning on March 22, 2010. Id. The following day, USPS issued Plaintiff a Notice of Proposed Adverse Action. Id. A pre-disciplinary meeting was held shortly thereafter. Id. On May 26, 2010, USPS issued Plaintiff a Notice of Proposed Removal. Id. In a letter to Mr. McAdams dated November 30, 2010, Plaintiff denied that she engaged in any improper conduct. Id. at 10. On January 12, 2011, USPS issued a Letter of Decision terminating Plaintiff's employment effective January 14, 2011, citing the findings contained in the Report. Id.

### B. Procedural history

Plaintiff filed a formal EEO complaint with USPS on February 1, 2011, alleging discrimination based on age, sex, and disability, as well as retaliation. See Def.'s Mot. to Dismiss, Ex. C. USPS issued a final agency decision on June 16, 2011, with a finding of no discrimination. Id. Ex. D. On June 24, 2011, Plaintiff re-filed an appeal with the Merit

Systems Protection Board ("MSPB").[1]  Id. Ex. H. Plaintiff moved to withdraw her appeal on July 10, 2011, before the MSPB rendered a decision on the merits of her discrimination claims.  Id. Ex. F.  On July 25, 2011, the MSPB dismissed Plaintiff's appeal as withdrawn.  Id. Ex. E.

Plaintiff filed the present action on July 20, 2011.  She alleges USPS violated Title VII of the Civil Rights Act of 1964 ("Title VII"), 42 U.S.C. § 2000e *et seq.*, the Age Discrimination in Employment Act ("ADEA"), 29 U.S.C. § 621 *et seq.*, and the Americans with Disabilities Act ("ADA"), 42 U.S.C. § 12101 *et seq.* by discriminating against her on account of her sex, age, and disability and by retaliating against her for filing an internal charge of discrimination. See Pl.'s Am. Compl. ¶¶ 36-68.

Defendant brings this Motion to Dismiss or in the Alternative for Summary Judgment under Federal Rules of Civil Procedure 12(b)(1), 12(b)(6), and 56.  Defendant principally contends that Plaintiff failed to exhaust her administrative remedies by withdrawing her appeal before the MSPB, thereby precluding review by this court. For the reasons discussed below, I will grant Defendant's motion.

## II.    Standard of Review

In this Circuit, "failure to exhaust administrative remedies is a defense 'in the nature of statutes of limitation and does not affect the District Court's subject matter jurisdiction.' Nonexhaustion constitutes a possible ground for dismissal for failure to state a claim under [Rule] 12(b)(6)." Phillips v. Sheraton Soc'y Hill, 163 F. App'x 93, 94

[1] Plaintiff filed an initial appeal with the MSPB on February 10, 2011.  That appeal was dismissed without prejudice because Plaintiff's EEO proceedings were still pending. See Def.'s Mot. to Dismiss, Ex. B.

(3d Cir. 2005) (quoting <u>Anjelino v. New York Times Company</u>, 200 F.3d 73, 87 (3d Cir. 2000)).

A motion to dismiss under Rule 12(b)(6) examines the legal sufficiency of the complaint. <u>Conley v. Gibson</u>, 355 U.S. 41, 45-46 (1957). The factual allegations must be sufficient to make the claim for relief more than just speculative. <u>Bell Atlantic Corp. v. Twombly</u>, 550 U.S. 544, 555 (2007). Pursuant to <u>Ashcroft v. Iqbal</u>, 556 U.S. 662 (2009), my inquiry is two-fold: "First, the factual and legal elements of a claim should be separated. [I] must accept all of the complaint's well-pleaded facts as true, but may disregard any legal conclusions. Second, [I] must then determine whether the facts alleged in the complaint are sufficient to show that the plaintiff has a 'plausible claim for relief.'" <u>Fowler v. UPMC Shadyside</u>, 578 F.3d 203, 210-11 (3d Cir. 2009) (quoting <u>Iqbal</u>, 556 U.S. at 679).[2]

## III.    Discussion

### A.    Plaintiff's Title VII and ADEA claims

Title VII requires a plaintiff to exhaust all available administrative remedies prior to filing suit in federal court. <u>Baur v. Crum</u>, 2012 WL 1071143 *10 (E.D. Pa. Mar. 30, 2012). The ADEA also requires exhaustion where a plaintiff elects to proceed administratively, as Plaintiff Slingland did here. <u>Purtill v. Harris</u>, 658 F.2d 134, 138-39 (3d Cir. 1981).

---

[2] Although "extraneous to the pleadings," the exhibits attached to Defendant's Motion to Dismiss may properly be considered under Rule 12(b)(6) "'without converting the motion into one for summary judgment'" because they are "'integral to or explicitly relied upon in [Plaintiff's] complaint.'" <u>In re Burlington Coat Factory Sec. Litig.</u>, 114 F.3d 1410, 1426 (3d Cir. 1997) (quoting <u>Shaw v. Digital Equip. Corp.</u>, 82 F.3d 1194, 1220 (1st Cir. 1996)).

A federal employee who claims his termination was based on discrimination presents a "mixed case" subject to the administrative scheme set forth in the Civil Service Reform Act of 1978. See 5 U.S.C. § 7702; 5 C.F.R. 1201.151. In a mixed case, the employee has two options at the outset. The employee can file either a "mixed case complaint" with his agency's EEO office or a "mixed case appeal" with the MSPB. See 29 C.F.R. § 1614.302(a). If the employee elects to file a mixed-case complaint with his agency's EEO office, he has 30 days following receipt of the agency's final decision to file either a mixed-case appeal with the MSPB or a civil action in the appropriate district court. See 29 C.F.R. §§ 1614.302(d)(1)(ii); 1614.310(a). If the employee elects to file a mixed-case appeal with the MSPB, he has 30 days following receipt of notice of the MSPB's final decision to file an appeal with either the EEOC or the appropriate district court (assuming the employee continues to pursue his discrimination claims; if the employee pursues only his non-discrimination claims, the Federal Circuit has exclusive jurisdiction). See 5 U.S.C. § 7703(b); 5 C.F.R. § 1201.157; 29 C.F.R. § 1614.310(b).

Here, Plaintiff Slingland opted to file a mixed-case complaint with USPS. After USPS issued its final decision, Plaintiff filed a mixed-case appeal with the MSPB, only to withdraw that appeal and file a civil action in this court.[3] By voluntarily withdrawing her appeal before the MSPB, Plaintiff failed to exhaust her administrative remedies. See Fissel v. Napolitano, 2009 WL 3624719, at *6 (M.D. Pa. Oct. 29, 2009) ("[O]nce

---

[3] Plaintiff contends that she did not abandon her MSPB appeal but rather proceeded simultaneously before the MSPB and in federal court within the 30-day window following receipt of USPS's final decision on her mixed-case complaint. Pl.'s Mem. of Law in Opp'n to Def.'s Mot. to Dismiss 6. Plaintiff's contention is not supported by the EEOC regulations governing mixed cases, which do not permit a plaintiff to proceed in federal court following receipt of a final agency decision once an appeal is filed with the MSPB. See 29 C.F.R. § 1614.310(a) (authorizing suit in federal court "[w]ithin 30 days of receipt of a final decision issued by an agency on a complaint *unless an appeal is filed with the MSPB*.") (emphasis added).

[plaintiff] chose to file a case with the MSPB, she was required to . . . raise[] her claims in that administrative forum and fully exhaust[] her remedies there before coming to court. She did not do so, and cannot now come into court with a Title VII claim based on her EEO complaint."); see also Rendon v. Potter, 2007 WL 1452932, at *7 (W.D. Tex. May 15, 2007) ("Because the ALJ dismissed the MSPB appeal as withdrawn without reaching the merits, Plaintiff did not exhaust his administrative remedies with respect to his disability discrimination claim.")[4]; Khoury v. Meserve, 268 F. Supp. 2d 600, 610-11 (D. Md. 2003) ("[A] complainant who withdraws an appeal before the MSPB fails to exhaust administrative remedies and is barred from filing a civil action in federal court."). Because exhaustion is a prerequisite to filing a civil action under Title VII and the ADEA, Plaintiff's Amended Complaint is dismissed with respect to those claims.

### B.      Plaintiff's ADA claim

Plaintiff's ADA claim is most obviously fatal because, as a federal employee, Plaintiff has no cause of action under the ADA.  See Smith v. Pallman, 420 F. App'x 208, 214 (3d Cir. 2011) ("Turning to [plaintiff's] ADA claim, dismissal was proper because the ADA does not apply to federal agencies."); see also Rivera v. Heyman, 157 F.3d 101, 103 (2d Cir. 1998) ("As a federal employee, Rivera has no remedy for employment discrimination under the ADA.  His sole claim for discrimination on the basis of disability is under the Rehabilitation Act, if anywhere.").

---

[4] Plaintiff's attempt to distinguish Renden, which carefully analyzed facts similar to those presented here, is unpersuasive.  See Pl.'s Mem. of Law in Opp'n to Def.'s Mot. to Dismiss 6.  Although Plaintiff correctly points out that the plaintiff in Renden attempted to file suit long after the 30-day deadline—whereas here Plaintiff filed her mixed-case appeal with the MSPB, withdrew that appeal, and filed the present action all within 30 days of receipt of USPS's final decision on her EEO complaint—the Renden court's dismissal on this ground was in the alternative; it's primary holding was that the plaintiff failed to exhaust his administrative remedies by withdrawing his appeal before the MSPB. 2007 WL 1452932, at *7.

Even assuming Plaintiff had properly pled a claim under the Rehabilitation Act, it too would be subject to dismissal for failure to exhaust administrative remedies. <u>Spence v. Straw</u>, 54 F.3d 196, 200 (3d Cir. 1995) (holding that a federal employee suing a federal agency under the Rehabilitation Act is required to exhaust administrative remedies). Accordingly, Plaintiff's ADA claim is dismissed.

## IV.   Conclusion

For the above reasons, I will grant the Defendant's motion to dismiss with prejudice.

An appropriate Order follows.